**HENNIGAN, BENNETT & DORMAN LLP**
Bruce Bennett (BB-1152) (not admitted in N.Y.)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:    (213) 694-1200
Facsimile:    (213) 694-1234

**HENNIGAN, BENNETT & DORMAN LLP**
A. Brent Truitt (AT-3799)
245 Park Avenue, Suite 3962
New York, New York 10167
Telephone:    (212) 672-1966
Facsimile:    (212) 672-1965

*Attorneys for Portside Growth and Opportunity Fund*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PORTSIDE GROWTH AND OPPORTUNITY FUND,<br><br>          Plaintiff,<br><br>      v.<br><br>EARTH BIOFUELS, INC.<br><br>          Defendants. | Case No. 07-cv-5582 (GBD)<br><br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PORTSIDE GROWTH AND OPPORTUNITY FUND'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Portside Growth and Opportunity Fund ("Portside ") respectfully submits this memorandum of law in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Portside's motion should be granted because Defendant Earth Biofuels, Inc. ("Earth Biofuels") defaulted on a properly executed Senior Convertible Note ("Note") and the amounts demanded are due and owing under the Note.

The $2.0 million Note on which Portside seeks judgment was issued in connection with the issuance of $52.5 million of such notes to a group of investors.  All of the notes are in default. Earth Biofuels has consented to a judgment in favor of at least one of the other investors, Kings Road Investments, Ltd., in which it has admitted the same defaults as those at issue here.  In addition, the Court has granted summary judgment in favor of one of the other investors, Cranshire Capital, L.P., based upon the same defaults as those at issue here.

To avoid any factual disputes that could delay the entry of a final judgment, Portside seeks judgment only for the finite amounts due under the Note.  For example, Portside has elected to forgo recovery of attorneys' fees, to which Portside is clearly entitled under the Note.

## STATEMENT OF FACTS

Pursuant to a Purchase Agreement dated as of July 24, 2006 between Earth Biofuels and several buyers of Senior Convertible Notes ("Buyers"), Earth Biofuels issued a Senior Convertible Note ("Note") to Plaintiff Portside in the amount of $2,000,000.  (Statement of Undisputed Facts ("SUF") ¶¶ 1-3.)

<u>Default:  Failure to Pay Interest When Due</u>.  Interest began accruing on the Note on July 24, 2006 at the rate of 8% per year.  (SUF ¶ 4)  The first interest payment became due on October 1, 2006, with subsequent interest payments becoming due on the first day of each quarter, commencing January 1, 2007.  (SUF ¶ 5)  Earth Biofuels initially failed to make the interest payments when due on October 1, 2006 and January 1, 2007.  (SUF ¶ 6)  Earth Biofuels made such interest payments substantially later than the dates they were due, but has failed to make the other payments required under the Note, as described below.  (SUF ¶ 6) Earth Biofuels' failure to make the interest payments due on October 1, 2006 and January 1,

2007 within ten business days of their respective due dates constituted Events of Default pursuant to Section 4(a)(v) of the Note, which triggered Portside's right of redemption, provided in Section 4(b) of the Note.  (SUF ¶7)

In accordance with the Note, Portside was entitled to require Earth Biofuels to redeem all or any portion of the Note, and pay a 120% Redemption Premium.  (SUF ¶ 8)

<u>Default:  Failure to Pay Registration Delay Payments</u>.  In connection with the issuance of the Note, Earth Biofuels and the Buyers, including Portside, entered into a Registration Rights Agreement ("Rights Agreement") pursuant to which Earth Biofuels was obligated to register the shares issuable upon conversion of the Note and exercise of the warrants.  Section 2(a) of the Rights Agreement entered into by Portside and Earth Biofuels in connection with the issuance of the Note obligated Earth Biofuels to prepare and file a registration statement on Form S-3 with the Securities and Exchange Commission ("SEC") no later than August 24, 2006, and to use its best efforts to have the registration statement declared effective by the SEC no later than September 23, 2006.  (SUF ¶¶ 1 & 9)

Earth Biofuels has failed to file a registration statement, resulting in a Filing Failure as defined in Section (2)(f) of the Rights Agreement.  (SUF ¶ 10)  Earth Biofuels also failed to have a registration statement declared effective by the SEC, resulting in an Effectiveness Failure as defined in Section (2)(f) of the Rights Agreement.  (SUF ¶ 11)

The occurrence of the Filing Failure and the Effectiveness Failure required Earth Biofuels to make to Portside "Registration Delay Payments" in the amount of 1.5% of Portside's $2 million purchase price every thirty days, subject to a cap of 12.5% of the $2 million purchase price.  (SUF ¶ 12)  Earth Biofuels has not made any Registration Delay Payments.  Registration Delay Payments, each in the amount of $30,000 (1.5% of the $2.0 million purchase price), began accruing on August 24, 2006 for the Filing Failure.  Registration Delay Payments in the amount of $30,000 accrued every thirty days thereafter. (SUF ¶ 13)

The failure to pay the Registration Delay Payments with respect to the Filing Failure by August 24, 2006, constituted an Event of Default pursuant to Section 4(a)(v) of the Note and

triggered a right of redemption under Section 4(b) of the Note.  (SUF ¶14)  The failure to pay the Registration Delay Payments by August 24, 2006 caused the interest rate under the Note to increase from 8% per year to 15% per year for the duration of the Event of Default, pursuant to Section 2 of the Note.  (SUF ¶15)  Portside is entitled to the Registration Delay Payments, along with interest on the Registration Delay Payments at the rate of 1.5% per month pursuant to Section 2(f) of the Rights Agreement, and a late charge at the rate of 18% per year pursuant to Section 25 of the Note for Registration Delay Payments that have not been made when due. (SUF ¶ 16)[1]

Notices of Default.  Pursuant to Section 4(b) of the Note, on September 8, 2006, Portside delivered an Event of Default Notice and Event of Default Redemption Notice (the "September 8 Notice") to Earth Biofuels.  Portside thereby informed Earth Biofuels of various breaches of the Note and other Transaction Documents constituting Events of Default and demanded that Earth Biofuels redeem Portside's Note at the Event of Default Redemption Price (as defined in the Note) in the amount, as of such date, of $2,446,000.00, including a Redemption Premium of 120%.  (SUF ¶ 17)

The Note required Earth Biofuels to respond to the September 8 Notice within five business days by remitting the Event of Default Redemption Price to Portside, as provided in Sections 4(b) and 13(a) of the Note.  Earth Biofuels, however, failed to do so.  This failure constituted an additional Event of Default under the Note pursuant to Section 4(a)(v).  (SUF ¶ 18)

While it had no obligation to do so, on October 17, 2006, Portside delivered an Event of Default Notice and Event of Default Redemption Notice (the "October 17 Notice") to Earth Biofuels relating to the failure of Earth Biofuels to pay interest on the Note to Portside and demanded that Earth Biofuels redeem Portside's Note at the Event of Default Redemption

---

[1]     Note that, as set out in the Complaint in this action, numerous other Events of Default occurred under the Note.  However, to avoid any factual disputes that could delay entry of final judgment, Portside has based this motion on only those Events of Default for which there can be no factual dispute and upon which the motion for summary judgment by Cranshire Capital, L.P. (07-CV-187 (NRB)), already granted by this Court, was based.

Price in the amount, as of such date, of $2,485,000.00, including a Redemption Premium of 120%. Again, Earth Biofuels did not comply with Sections 4(b) and 13(a) of the Note. (SUF ¶ 19)

Again, while it had no obligation to do so, on October 31, 2006, Portside delivered an Event of Default Notice and Event of Default Redemption Notice (the "October 31 Notice" and, together with the September 8 Notice and the October 17 Notice, the "Event of Default Redemption Notices") to Earth Biofuels relating to an additional Event of Default under the Note, and demanded that Earth Biofuels redeem Portside's Note at the Event of Default Redemption Price in an amount, as of such date, of $2,499,000.00, including a Redemption Premium of 120%. Again, Earth Biofuels did not comply with Sections 4(b) and 13 (a) of the Note. (SUF ¶ 20)

Earth Biofuels' failure to respond to each of the Event of Default Redemption Notices within five business days by remitting the Event of Default Redemption Price to Portside, as provided in Section 4(b) and 13(a) of the Note, constituted additional Events of Default under the Note pursuant to Section 4(a)(v). (SUF ¶ 21)

Portside is entitled to a Late Charge at the rate of 18% per year for any amounts owing pursuant to its Event of Default Redemption Notices as provided by Section 25(b) of the Note. (SUF ¶ 22)

On November 6, 2006, March 9, 2007, and April 3, 2007, Portside received payments from Earth Biofuels in the amounts of $30,222.22, $71,111.11, and $40,000.00, respectively. Portside has credited such amounts as interest payments under the Note and has deducted such payments from the amounts owed to Portside set out below. (SUF ¶ 25)

Portside is also entitled to attorneys' fees and costs incurred in connection with this action, pursuant to Section 21 of the Note. (SUF ¶ 23)

Earth Biofuels has entered into a Confession of Judgment with at least one of the other Buyers in which it has admitted the same defaults (under the other Buyer's note) and the same breaches of the Rights Agreement on which Portside's motion for summary judgment is based. (SUF ¶ 24)

<u>Damages</u>.  Portside is entitled to judgment for $3,175,766.02, as set forth below.

## ARGUMENT

### I.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted where there is no genuine issue of material fact to be decided at trial and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (*quoting* Fed. R. Civ. P. 1).  Once Portside "has carried its burden under Rule 56(c)," as it has here, Defendant Earth Biofuels, Inc. ("Earth Biofuels") "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  Earth Biofuels must "set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials" in its pleadings. Fed. R. Civ. P. 56(e).  There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for" Earth Biofuels.  *Matsushita*, 475 U.S. at 587.

### II.    PORTSIDE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE IT HAS ESTABLISHED THAT DEFENDANT DEFAULTED ON AN EXECUTED NOTE

"Under New York law, a prima facie claim on a promissory note is established when the plaintiff has demonstrated proof of an executed note and a defendant's failure to make payment according to the note's terms."  *Sotheby's Inc. v. Dumba*, No. 90 Civ. 6458, 1992 WL 27043, at *2 (S.D.N.Y. Jan. 31, 1992); *see Bankers Trust Co. v. F.D. Rich Co.*, No. 90 Civ. 4827, 1991 WL 221091, at *2 (S.D.N.Y. Oct. 16, 1991) ("summary judgment is proper when plaintiff establishes proof of a note and a defendant's failure to make payment according to its terms"); *Miller v. Steloff*, 686 F. Supp. 91, 93 (S.D.N.Y. 1988) (finding no triable issues of fact when plaintiff "presented an instrument for the payment of money only and . . . claimed

nonpayment according to its terms"); *Nutmeg Fin. Servs., Inc. v. Cowden*, 524 F. Supp. 620, 621 (E.D.N.Y. 1981) (recognizing that under New York law "summary judgment is appropriate upon a showing of execution and default").[2]

Here, Portside has established a prima facie case of entitlement to summary judgment. Portside has presented an executed Senior Convertible Note in the amount of $2,000,000 with unambiguous terms requiring Earth Biofuels to make interest payments, and providing for specified Events of Default along with corresponding consequences.  (*See* accompanying Declaration of Marc Baum ("Baum Decl."), ¶ 5, Ex. A)  Portside has presented documentary evidence and a sworn statement establishing that Earth Biofuels has failed to make payment according to the terms of the Note and describing other Events of Default under the Note.  (*See* Baum Decl. ¶¶ 8-23, Exhs. A-E)  Among other things, Portside has established that Earth Biofuels has failed:  (1) to make required payments of interest when due under the Note; (2) to honor Portside's redemption demand; (3) to comply with the Note's provisions regarding filing a registration statement with the Securities and Exchange Commission and having it declared effective; and (4) to remit Registration Delay Payments along with interest.  Accordingly, Portside is entitled to recover the full principal amount of the Note and interest thereon in addition to the 120% Redemption Premium, Registration Delay Payments with interest, Late Charges, and attorneys' fees.  (*See* Baum Decl. ¶¶ 25 & 28; Ex. A); *see also Bankers Trust Co.*, 1991 WL 221091, at ** 6-7 (granting plaintiff's motion for summary judgment and authorizing plaintiff to collect the balance outstanding on the note along with interest, and directing plaintiff to submit an application for attorneys' fees, and recognizing that "[w]hen provided for by agreement, reasonable attorneys fees may be collected"); *see also Sotheby's*, 1992 WL 27043, at *7 (granting summary judgment for plaintiff for non-payment of promissory note and recognizing that reasonable attorneys' fees are recoverable when provided for by the parties' agreement).

---

[2]     New York law applies in this case pursuant to Section 28 of the Note. (*See* Baum Decl., Ex. A)

To avoid any disputes that could delay entry of a final judgment, Portside seeks judgment for less than that to which it is entitled under the Note.  In particular, among other things, Portside is not seeking to recover attorneys' fees and costs incurred in connection with this action, to which Portside is entitled pursuant to Section 21 of the Note.  (SUF ¶ 23)

Thus, Portside is indebted to Portside in at least the following amounts, for which Portside seeks entry of a final judgment:

| | |
|---|---|
| Principal: | $2,000,000.00 |
| Interest (7/24/2006-8/23/2006) on $2.0 million @ 8% ($444.44/day x 31 days) = | $13,777.64 |
| Interest (8/24/2006- 9/30/2006) on $2.0 million @ 15% ($833.33/day x 38 days) = | $31,666.54 |
| Interest (10/1/2006-12/31/2006) on $2.0 million @ 15% = | $75,000.00 |
| Interest (1/1/2007-3/31/2007) on $2.0 million @ 15% = | $75,000.00 |
| Interest (4/1/2007 – 6/29/2007) on $2.0 million @ 15% ($833.33/day x 90 days) = | $75,000.00 |
| Redemption Premium (20% of $2.0 million): | $400,000.00 |
| Late Charge on $2,400,000 @ 18% for 285 days (from 9/18/06 through 6/29/07) = | $342,000.00 |
| Registration Delay Payments with respect to the Filing Failure: $30,000 accruing as of 8/24/2006 and every 30 days thereafter (capped at 12.5% of $2.0 million) = | $250,000.00 |
| Interest on the Registration Delay Payments @ 1.5% per month (through 6/29/07) = | $26,080.17 |
| Late Charge on Registration Delay Payments @ 18% (through 6/29/07) = | $28,575.00 |
| Payments Received | Less $141,333.33 |
| TOTAL: | $3,175,766.02 |

(SUF ¶ 26)

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Portside respectfully requests that the Court enter summary judgment resolving Plaintiffs' claims in this action and grant such other and further relief as the Court deems just and proper.

DATED:  June 29, 2007
          New York, New York

Respectfully submitted,

HENNIGAN, BENNETT & DORMAN LLP

By: _____/s/ A. Brent Truitt_____

      A. Brent Truitt (AT-3799)
245 Park Avenue
39th Floor
New York, New York  10167
(212) 672-1966
(212) 672-1965 (fax)

Bruce Bennett (not admitted in N.Y.)
865 S. Figueroa, Suite 2900
Los Angeles, California 90017
(213) 694-1200
(213) 694-1234 (fax)

Attorneys for
Plaintiff Portside Growth and Opportunity Fund