**HENNIGAN, BENNETT & DORMAN LLP**
Bruce Bennett (BB-1152) (not admitted in N.Y.)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

**HENNIGAN, BENNETT & DORMAN LLP**
A. Brent Truitt (AT-3799)
245 Park Avenue, Suite 3962
New York, New York 10167
Telephone:   (212) 672-1966
Facsimile:   (212) 672-1965

*Attorneys for Portside Growth and Opportunity Fund*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PORTSIDE GROWTH AND OPPORTUNITY FUND,<br><br>                    Plaintiff,<br><br>     v.<br><br>EARTH BIOFUELS, INC.<br><br>                    Defendant. | **DECLARATION OF MARC BAUM IN SUPPORT OF PORTSIDE GROWTH AND OPPORTUNITY FUND'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 07-cv-5582 (GBD)<br><br>ECF Case |

Marc Baum, declares as follows:

1.      I am an Authorized Signatory of Portside Growth and Opportunity Fund, Plaintiff in this action ("Portside").

2.      I submit this declaration in support of Portside's motion for summary judgment. This declaration is based on my personal knowledge and my review of the Complaint in this action and supporting documents.

3.      On or about July 24, 2006, Defendant Earth Biofuels, Inc. ("Earth Biofuels") issued to certain buyers senior convertible notes and warrants, and agreed to register the shares that would be issued upon conversion of such notes and exercise of such warrants.  The transaction was documented by a Securities Purchase Agreement dated as of July 24, 2006

("Purchase Agreement"), Senior Convertible Notes issued July 24, 2006, a Registration Rights Agreement dated as of July 24, 2006 ("Rights Agreement"), and Warrants (collectively, the "Transaction Documents").

4. The Purchase Agreement was entered into by and among Earth Biofuels and several buyers, including Portside, identified in the Schedule of Buyers attached thereto (collectively, "Buyers"). Pursuant to the Purchase Agreement, Earth Biofuels issued to the Buyers Senior Convertible Notes, convertible into shares of common stock of Earth Biofuels, in the aggregate original principal amount of $52.5 million, Series A Warrants to purchase common shares of Earth Biofuels, and Series B Warrants to purchase common shares of Earth Biofuels.

5. Pursuant to the Purchase Agreement, Earth Biofuels issued a Senior Convertible Note ("Note") to Plaintiff Portside in the amount of $2,000,000. Dennis G. McLaughlin, III, Defendant's Chief Executive Officer, executed the Note on behalf of Defendant. (A copy of the Note is attached as Exhibit "A" hereto).

6. Pursuant to Section 2 of the Note, interest began accruing on July 24, 2006 at the rate of 8% per year. (See Ex. A, § 2)

7. The first interest payment became due on October 1, 2006, with subsequent interest payments becoming due on the first day of each quarter, commencing January 1, 2007. (See Ex. A, § 2)

8. Earth Biofuels initially failed to make the interest payments when due on October 1, 2006 and January 1, 2007. Earth Biofuels made such interest payments substantially later than the dates they were due, but has failed to make the other payments required under the Note, as described below.

9. Earth Biofuels' failure to make the interest payments due on October 1, 2006 and January 1, 2007 within ten business days of their respective due dates constituted Events of Default pursuant to Section 4(a)(v) of the Note, which triggered Portside's right of redemption, provided in Section 4(b) of the Note. (See Ex. A, §§ 4(a)(v) & 4(b))

10. Pursuant to its right of redemption, Portside was entitled to require Earth

Biofuels to redeem all or any portion of the Note and pay a 120% Redemption Premium. (See Ex. A, § 4(b))

11.     In accordance with the Rights Agreement, Earth Biofuels was obligated to register the shares issuable upon conversion of the Note and exercise of the warrants. Section 2(a) of the Rights Agreement entered into by Portside and Earth Biofuels in connection with the issuance of the Note obligated Earth Biofuels to prepare and file a registration statement on Form S-3 with the Securities and Exchange Commission ("SEC") no later than August 24, 2006, and to use its best efforts to have the registration statement declared effective by the SEC no later than September 23, 2006. (A copy of the Rights Agreement is attached as Exhibit "B" hereto.)

12.     Earth Biofuels has failed to file the registration statement, resulting in a Filing Failure, as defined in Section 2(f) of the Rights Agreement. (See Ex. B, § 2(f))

13.     Earth Biofuels has also failed to have the registration statement declared effective by the SEC, resulting in an Effectiveness Failure, as defined in Section (2)(f) of the Rights Agreement. (See Ex. B, § 2(f))

14.     The occurrence of the Filing Failure and the Effectiveness Failure required Earth Biofuels to make to Portside "Registration Delay Payments" in the amount of 1.5% of Portside's $2 million purchase price every thirty days, subject to a cap of 12.5% of the $2 million purchase price. (See Ex. B, § 2(f))

15.     Earth Biofuels has not made any Registration Delay Payments. Registration Delay Payments, each in the amount of $30,000 (1.5% of the $2.0 million purchase price), began accruing on August 24, 2006 for the Filing Failure. Registration Delay Payments in the amount of $30,000 accrued every thirty days thereafter. (See Ex. B, § 2(f))

16.     The failure to pay the Registration Delay Payments with respect to the Filing Failure by August 24, 2006, constituted an Event of Default pursuant to Section 4(a)(v) of the Note and triggered a right of redemption under Section 4(b) of the Note. (See Ex. A, §§ 4(a)(v) & 4(b))

17.     The failure to pay the Registration Delay Payments by August 24, 2006 caused

the interest rate under the Note to increase from 8% per year to 15% per year for the duration of the Event of Default, pursuant to Section 2 of the Note. (See Ex. A, § 2)

18.     Portside is entitled to the Registration Delay Payments, along with interest on the Registration Delay Payments at the rate of 1.5% per month pursuant to Section 2(f) of the Rights Agreement, and a late charge at the rate of 18% per year pursuant to Section 25 of the Note for Registration Delay Payments that have not been made when due. (See Ex. A, § 25 & Ex. B, § 2(f))

19.     Pursuant to Section 4(b) of the Note, on September 8, 2006, Portside delivered an Event of Default Notice and Event of Default Redemption Notice (the "September 8 Notice") to Earth Biofuels. Portside thereby informed Earth Biofuels of various breaches of the Note and other Transaction Documents constituting Events of Default and demanded that Earth Biofuels redeem Portside's Note at the Event of Default Redemption Price (as defined in the Note) in the amount, as of such date, of $2,446,000.00, including a Redemption Premium of 120%. (A copy of the September 8 Notice is attached as Exhibit "C" hereto.)

20.     The Note required Earth Biofuels to respond to the September 8 Notice within five business days by remitting the Event of Default Redemption Price to Portside, as provided in Sections 4(b) and 13(a) of the Note. Earth Biofuels, however, failed to do so. This failure constituted an additional Event of Default under the Note pursuant to Section 4(a)(v).

21.     While it had no obligation to do so, on October 17, 2006, Portside delivered an Event of Default Notice and Event of Default Redemption Notice (the "October 17 Notice") to Earth Biofuels relating to the failure of Earth Biofuels to pay interest on the Note to Portside and demanded that Earth Biofuels redeem Portside's Note at the Event of Default Redemption Price in the amount, as of such date, of $2,485,000.00, including a Redemption Premium of 120%. (A copy of the October 17 Notice is attached as Exhibit "D" hereto.) Again, Earth Biofuels did not comply with Sections 4(b) and 13(a) of the Note.

22.     Again, while it had no obligation to do so, on October 31, 2006, Portside delivered an Event of Default Notice and Event of Default Redemption Notice (the "October 31 Notice" and, together with the September 8 Notice and the October 17 Notice, the "Event of

Default Redemption Notices") to Earth Biofuels relating to an additional Event of Default under the Note, and demanded that Earth Biofuels redeem Portside's Note at the Event of Default Redemption Price in an amount, as of such date, of $2,499,000.00, including a Redemption Premium of 120%. (A copy of the October 31 Notice is attached as <u>Exhibit "E"</u> hereto.) Again, Earth Biofuels did not comply with Sections 4(b) and 13 (a) of the Note.

23. Earth Biofuels' failure to respond to each of the Event of Default Redemption Notices within five business days by remitting the Event of Default Redemption Price to Portside, as provided in Section 4(b) and 13(a) of the Note, constituted additional Events of Default under the Note pursuant to Section 4(a)(v). (See Ex. A, §§ 4(a)(v), 4(b) & 13(a))

24. Portside is entitled to a Late Charge at the rate of 18% per year for any amounts owing pursuant to its Event of Default Redemption Notices as provided by Section 25(b) of the Note. (See Ex. A, §25(b))

25. Portside is also entitled to attorneys' fees and costs incurred in connection with this action, pursuant to Section 21 of the Note. (See Ex. A, § 21)

26. Earth Biofuels has entered into a Confession of Judgment with at least one of the other Buyers in which it has admitted the same defaults (under the other Buyer's note) and the same breaches of the Rights Agreement on which Portside's motion for summary judgment is based. (A copy of the Confession of Judgment filed by Kings Road Investments Ltd. is attached as <u>Exhibit "F"</u> hereto.)

27. On November 6, 2006, March 9, 2007, and April 3, 2007, Portside received payments from Earth Biofuels in the amounts of $30,222.22, $71,111.11, and $40,000.00, respectively. Portside has credited such amounts as interest payments under the Note and has deducted such payments from the amounts owed to Portside set out in the following Paragraph 28.

28. Earth Biofuels is indebted to Portside in at least the following amounts, for which Portside seeks entry of a final judgment:

| | |
|---|---:|
| Principal: | $2,000,000.00 |
| Interest (7/24/2006 - 8/23/2006) on $2.0 million @ 8% ($444.44/day x 31 days) = | $13,777.64 |
| Interest (8/24/2006 - 9/30/2006) on $2.0 million @ 15% ($833.33/day x 38 days) = | $31,666.54 |
| Interest (10/1/2006 - 12/31/2006) on $2.0 million @ 15% = | $75,000.00 |
| Interest (1/1/2007 - 3/31/2007) on $2.0 million @ 15% = | $75,000.00 |
| Interest (4/1/2007 - 6/29/2007) on $2.0 million @ 15% ($833.33/day x 90 days) = | $75,000.00 |
| Redemption Premium (20% of $2.0 million): | $400,000.00 |
| Late Charge on $2,400,000 @ 18% for 285 days (from 9/18/06 through 6/29/07) = | $342,000.00 |
| Registration Delay Payments with respect to the Filing Failure: $30,000 accruing as of 8/24/2006 and every 30 days thereafter (capped at 12.5% of $2.0 million) = | $250,000.00 |
| Interest on the Registration Delay Payments @ 1.5% per month (through 6/29/07) = | $26,080.17 |
| Late Charge on Registration Delay Payments @ 18% (through 6/29/07) = | $28,575.00 |
| Payments Received | Less $141,333.33 |
| TOTAL: | $3,175,766.02 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 29, 2007
      New York, New York

*/s/ Marc Baum*
Marc Baum

614495\v1

-6-