# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

KINGS ROAD INVESTMENTS LTD.,

                    Plaintiff,

    -against-

EARTH BIOFUELS, INC.,

                    Defendants.

---

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

Index No. _____

STATE OF NEW YORK    )
                            ) ss.
COUNTY OF NEW YORK )

        Mr. Dennis McLaughlin, being duly sworn, deposes and says:

        1.     I am the President of Earth Biofuels, Incl ("Earth Biofuels"), above-entitled action, whose corporate address is 3001 Knox Street, Suite 403, Dallas, TX 75205.

        2.     I have been authorized by Earth Biofuels to confess judgment on Earth Biofuels' behalf, in favor of plaintiff Kings Road Investments Ltd. ("Kings Road"), for the sum of $15,956,731.

        3.     Pursuant to Section 3218 of the New York Civil Practice Law and Rules, I hereby confess judgment on Earth Biofuels' behalf, in favor of Kings Road, for $15,956,731, and authorize Kings Road and its parents, subsidiaries, affiliates, agents, representatives, relatives, attorneys, executors, administrators, heirs, directors, officers, shareholders, employees, successors, assigns, predecessors, transferees, and insurers, to enter judgment in the Supreme Court of the State of New York, County of New York, against Earth Biofuels in the amount of $15,956,731.

        4.     This confession of judgment is for a debt due or to become due to plaintiff, arising from the following facts: Kings Road and Earth Biofuels entered into a securities transaction (the "Transaction") pursuant to the terms of a Securities Purchase Agreement by which Kings Road acquired from Earth Biofuels a Note in the amount of $10 million convertible into the common stock of Earth Biofuels. Earth Biofuels has defaulted on the Note by violating several of its provisions.

        5.     Kings Road has brought claims against Earth Biofuels as to Earth Biofuels' defaults on the Note.

6. Kings Road and Earth Biofuels agreed to settle their disputes and have entered into an interim resolution agreement (the "Interim Resolution Agreement"). Under the terms of the Interim Resolution Agreement, Earth Biofuels agreed to pay Kings Road the sum of $15,956,731.

7. As set forth in Section I.2.c. of the Interim Resolution Agreement, if Earth Biofuels fails to make the payment required by the Interim Resolution Agreement by the Due Date specified therein, then Earth Biofuels authorizes Kings Road to file this Affidavit of Confession of Judgment in which Earth Biofuels confesses judgment in favor of Kings Road and against Earth Biofuels in the amount of $15,956,731 (less any payments pursuant to the Interim Resolution Agreement already received by Kings Road).

8. Pursuant to the Interim Resolution Agreement, Earth Biofuels agrees and acknowledges that it is indebted to Kings Road for up to $15,956,731, and confesses judgment herein on that debt.

9. This confession of judgment does not violate Section 3201 of the New York Civil Practice Law and Rules because it was not executed prior to the time a default in the payment of an installment occurs in connection with the purchase of fifteen hundred dollars or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments..

10. This confession of judgment is not for the purpose of securing plaintiff against a contingent liability.

By: _____
Dennis McLaughlin, President



FILED
APR 13 2007
COUNTY CLERK'S OFFICE
NEW YORK

Sworn to before me this 11 day of December, 2006.

_____
NOTARY PUBLIC

MARCELLA SMITH
MY COMMISSION EXPIRES
June 27, 2009

2

COUNTY OF NEW YORK

KINGS ROAD INVESTMENTS LTD.,

        against

EARTH BIOFUELS, INC.,

Plaintiff(s)

Defendant(s)

Address of Plaintiff:

598 Madison Avenue
14th Floor
New York, New York 10022

JUDGMENT BY CONFESSION

| | |
|---|---|
| Amount Confessed | $ 15,401,175.44 |
| Interest | |
| | $ 15,401,175.44 |
| Costs by Statute $ 0 | $ |
| Transcript | n/a |
| Fees on Execution | n/a |
| Satisfaction | n/a |
| Filing Fee | n/a |
| Total (costs and disbursements) $ | 0.00 |
| Total $ | 15,401,175.44 |

I HEREBY CERTIFY I HAVE ADJUSTED THIS BILL OF COSTS AT $ 0

APR 13 2007

Norman Goodman
CLERK

ATTORNEY'S AFFIRMATION

STATE OF NEW YORK, COUNTY OF

The undersigned, attorney at law of the State of New York, affirms that   he is

attorney(s) for the plaintiff   attorney(s) for the plaintiff herein and states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated: 4/13/07

Jessica Bengels

JUDGMENT entered the 13th day of April, 2007.
On filing the foregoing affidavit of Confession of Judgment made by the defendant herein, on the 11th day of December, 2006,
NOW, ON MOTION OF   Latham & Watkins LLP
attorney(s) for plaintiff   it is
ADJUDGED that Kings Road Investments LTD.

residing at 598 Madison Avenue, 14th Floor, New York, New York 10022
do recover of Earth Biofuels, Inc.,

FILED
APR 13 2007
COUNTY CLERK'S OFFICE
NEW YORK

       defendant(s),

residing at 3001 Knox Street, Suite 403, Dallas, Texas 75205
the sum of $ 15,401,175.44 with interest of $   0.00 making a total of $ 15,401,175.44
together with $   0.00 costs and disbursements, amounting in all to the sum of $15,401,175.44
and that plaintiff have execution thereof.

Norman Goodman, Clerk

Index No. 105045/07   COURT Supreme   COUNTY OF New York

Affidavit and Judgment by Confession

KINGS ROAD INVESTMENTS LTD.,

        against

EARTH BIOFUELS, INC.,

Plaintiff(s)

Defendant(s)

LATHAM & WATKINS LLP
Attorney(s) for Kings Rd. Investments, Ltd

Office and Post Office Address

885 Third Avenue - Suite 1000
New York, New York 10022-4802
(212) 906-1200

# INTERIM RESOLUTION AGREEMENT

This INTERIM RESOLUTION AGREEMENT (the "Agreement") is made as of December 1, 2006 (the "Effective Date") by and between Kings Road Investments, Ltd., a Cayman exempt company (the "Investor"), and Earth Biofuels, Inc., a Delaware corporation (the "Company"). The Investor and the Company are sometimes referred to individually herein as a "party" and collectively as the "parties."

## RECITALS

A. On or about July 24, 2006 Investor, along with others, entered into a Securities Purchase Agreement, a Registration Rights Agreement and other agreements with the Company for the purposes of engaging in a transaction described in the Securities Purchase Agreement. All capitalized terms not otherwise defined in this Agreement shall have the meaning ascribed to them in the Securities Purchase Agreement and the related "Transaction Documents" (as that term is defined in the Securities Purchase Agreement).

B. Pursuant to the Securities Purchase Agreement, the Company issued and sold to the Investor (i) a Senior Convertible Note in the original principal amount of $10,000,000.00 (the "Note") which, among other things is convertible into shares of the Company's common stock in accordance with the terms of the Note and (ii) Series A Warrants and Series B Warrants which will be exercisable to purchase the Warrant Shares.

C. On or about August 30, 2006 the Investor delivered an Event of Default Redemption Notice to the Company identifying various Events of Default under the Note and demanding that the Company redeem the Investor's interest in the Note at the Event of Default Redemption Price.

D. The Investor provided the Company with two follow-up notices reiterating its decision to exercise its redemption right under the Note and again demanding that the Company redeem the Investor's interest in the Note at the Event of Default Redemption Price.

E. After the Company failed to remit the Event of Default Redemption Price, on September 29, 2006 the Investor filed a civil action in the United States District Court for the Southern District of New York in the matter entitled *Kings Road Investments, Ltd. v. Earth Biofuels, Inc.*, Case No. 06 CV 7840 (the "Civil Action") alleging claims for breach of contract and defaults on the Note.

F. After the Civil Action was filed, the Investor alleged that additional defaults had occurred under the Note and other Transaction Documents. Thus, on November 2, 2006 the Investor delivered an additional Event of Default Redemption Notice to the Company identifying these additional defaults and again demanding that the Company redeem the Investor's interest in the Note at the Event of Default Redemption Price and pay such other amounts due under the Transaction Documents.

G. On November 20, 2006, the Investor filed a First Amended Complaint in the Civil Action to address the alleged defaults contained in the November 2nd notice.

1

LA\1661885.1

H. The Company has agreed to redeem the Investor's interest in the Note and to pay to the Investor the Event of Default Redemption Price and all other amounts due under the Transaction Documents provided that the Investor agree to (i) dismiss the Civil Action without prejudice and (ii) give the Company until March 31, 2007 (the "Due Date") to pay the agreed upon amount.

I. The Investor and the Company now desire to document the terms of their agreement in accordance with the terms and conditions set forth herein.

## AGREEMENT

Now, therefore, in consideration of the mutual promises, conditions and covenants set forth below, the parties hereto agree as follows:

1. <u>Acknowledgement of Amount Due the Investor by the Company and Agreement to Pay</u>.

    a. The Company acknowledges and agrees that, as of the Effective Date, it is indebted to the Investor in the amount of $13,885,937 (the "Effective Date Amount") as calculated in accordance with Exhibit A attached hereto.

    b. The Company acknowledges and agrees that, as of the Due Date and assuming no payments are made in the interim, it will be indebted to the Investor in the amount of $15,956,731.00 (the "Due Date Amount") calculated in accordance with Exhibit B attached hereto.

    c. The Company acknowledges and agrees that the calculations on Exhibits A and B are accurate and are made in accordance with the applicable provisions of the Transaction Documents.

    d. The Company acknowledges it is obligated to pay and agrees to pay the Investor the Due Date Amount on the Due Date, or such lesser amount with prorations calculated pursuant to the Transaction Documents if such amount is paid in its entirety between the Effective Date and the Due Date.

2. <u>Dismissal and Confession of Judgment</u>.

    a. In consideration for this Agreement and upon the Company's execution of this Agreement and all of the exhibits referred to herein, the Investor agrees to dismiss the Civil Action without prejudice in the form of Exhibit C attached hereto.

    b. In consideration for this Agreement and pursuant to Section 3218 of the New York Civil Practice Law and Rules, the Company has confessed judgment as of the Effective Date in favor of the Investor for the sum of $15,956,731.00 (the Due Date Amount). The Company has executed an Affidavit of Confession of Judgment (the "Confession of Judgment") in the form of Exhibit D attached hereto. The Confession of Judgment shall be held by Latham & Watkins LLP, counsel for the Investor, in trust and may not be filed except as provided in Sections 2.c. or 4.d. below. If the Company has paid the Investor all amounts due as

2

LA\1661885.1

calculated pursuant to Section 1 above by the Due Date, the Investor shall cause Latham & Watkins LLP to destroy the Confession of Judgment form and shall cause Latham & Watkins LLP to confirm such destruction in writing to the Company.

  c. The Company acknowledges and agrees that if it has not paid the Investor all amounts due as calculated pursuant to Section 1 above by the Due Date, the Investor shall be entitled to immediately file the Confession of Judgment in which the Company confesses judgment in favor of the Investor and against the Company in the Due Date Amount. The Company further agrees that it shall not seek to (i) defend against the Confession of Judgment or (ii) set aside the Confession of Judgment, except on the sole grounds that it has paid to the Investor all amounts due under this Agreement on or prior to the Due Date.

3. Effect of this Agreement and Payment.

  a. The parties acknowledge and agree that, except to the extent inconsistent with the specific provisions of this Agreement, the terms and conditions of the Transaction Documents shall remain in full force and effect.

  b. The parties further acknowledge and agree that if the Company pays the Investor all amounts due as calculated pursuant to Section 1 above on or before the Due Date, (i) the Note issued to the Investor shall be deemed cancelled and of no further force or effect, (ii) the Series B Warrants issued to the Investor (whose issuance related to the "Make Whole" provisions of the Note) shall be deemed cancelled and of no further force or effect, and (iii) the Registration Delay Payments (referenced in the July 24, 2006 Registration Rights Agreement) shall be deemed to have been paid in full.

4. Representations, Warranties and Covenants.:

  a. Each of the Investor and the Company represent and warrant to the other that:

    (1) They are each duly organized and validly existing in good standing under the laws of the jurisdiction in which they are formed, and have the requisite power and authorization to own their properties and to carry on their business as now being conducted.

    (2) They each have the requisite power and authority to enter into and perform their respective obligations under this Agreement. The execution and delivery of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by their respective board of directors or other governing body and no further consent or authorization is required by their board of directors, other governing body or stockholders. This Agreement and the other documents referred to herein have been duly executed and when delivered by them will constitute the legal, valid and binding obligations of the Company and the Investor, as applicable, enforceable against them in accordance with their respective terms.

    (3) The execution, delivery and performance of the Agreement by the Investor and the Company and the consummation by them of the transactions

3

contemplated hereby will not (a) result in a violation of any certificate of incorporation, certificate of formation, any certificate of designations or other constituent documents of the Investor or the Company, as applicable, or (b) conflict with, or constitute a default (or an event which with notice or lapse of time or both would become a default) in any respect under, or give to others any rights of termination, amendment, acceleration or cancellation of, any agreement, indenture or instrument to which the Company or the Investor, as applicable, is a party, or (c) result in a violation of any law, rule, regulation, order, judgment or decree (including foreign, federal and state securities laws and regulations and the rules and regulations of the OTC Bulletin Board as reported on Bloomberg Financial Markets LP ) applicable to the Company or the Investor.

    b.    The Company separately represents and warrants to the Investor that:

    (1)    The execution, delivery and performance of the Agreement by the Company and the consummation by it of the transactions contemplated hereby will not constitute an event of default under the notes issued by the Company to the other parties to the Securities Purchase Agreement or any contemplated restructuring thereof.

    (2)    Between July 24, 2006 and the Effective Date, the Company has not entered into any agreement or transaction one of the effects of which would be to place any person or entity in a position senior to the Investor, in terms of security or priority, such that in the event of an insolvency or similar proceedings such person would have a claim which is senior to or have priority over the Investor and the other parties to the Securities Purchase Agreement to the assets of the Company.

    c.    The Company further promises and covenants to the Investor that:

    (1)    On and after the Effective Date, the Company will not enter any agreement or transaction or undertake any action that would (a) preclude or have the effect of precluding the Company from performing its obligations under this Agreement or otherwise paying the Due Date Amount or (b) prevent or have the effect of preventing the Investor from exercising its rights under this Agreement.

    (2)    Between the Effective date and the Due Date the Company shall not enter into any agreement or transaction one of the effects of which would be to place any person or entity in a position senior to the Investor, in terms of security or priority, such that in the event of an insolvency or similar proceedings such person would have a claim which is senior to or have priority over the Investor to the assets of the Company a ("Prohibited Transaction") except in the event, and only in the event that, the proceeds of what would otherwise be a Prohibited Transaction are intended to be used and are in fact used to pay the Due Date Amount to the Investor.

    d.    In the event of a breach by the Company of any of the representations, warranties or covenants set forth in this Section 4, the Investor shall be immediately entitled to file and execute on the Confession of Judgment.

4

LA\1661885.1

5. <u>Miscellaneous</u>.

    a. All questions concerning the construction, validity, enforcement and interpretation of this Agreement shall be governed by Section 9(a) of the Securities Purchase Agreement which is incorporated herein by reference.

    b. This Agreement may be executed in two or more identical counterparts, all of which shall be considered one and the same agreement and shall become effective when counterparts have been signed by each party and delivered to the other party; provided that a facsimile signature shall be considered due execution and shall be binding upon the signatory thereto with the same force and effect as if the signature were an original, not a facsimile signature.

    c. The headings of this Agreement are for convenience of reference and shall not form part of, or affect the interpretation of, this Agreement.

    d. If any provision of this Agreement shall be invalid or unenforceable in any jurisdiction, such invalidity or unenforceability shall not affect the validity or enforceability of the remainder of this Agreement in that jurisdiction or the validity or enforceability of any provision of this Agreement in any other jurisdiction.

    e. This Agreement supersedes all other prior oral or written agreements between the Investor, the Company, and any Persons acting on their behalf with respect to the matters discussed herein, and this Agreement and the instruments referenced herein and therein contain the entire understanding of the parties with respect to the matters covered herein and therein and, except as specifically set forth herein or therein, neither the Investor nor the Company makes any representation, warranty, covenant or undertaking with respect to such matters. No provision of this Agreement may be amended other than by an instrument in writing signed by both the Investor the Company. No provision hereof may be waived other than by an instrument in writing signed by the party against whom enforcement is sought.

    f. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns. The Company shall not assign this Agreement or any rights or obligations hereunder without the prior written consent of the Investor, whose consent may be given or withheld in its sole and absolute discretion. The Investor may assign some or all of its rights hereunder without the consent of the Company, in which event such assignee shall be deemed to be the Investor hereunder with respect to such assigned rights.

    g. This Agreement is intended for the benefit of the parties hereto and their respective permitted successors and assigns, and is not for the benefit of, nor may any provision hereof be enforced by, any other Person.

    h. Each party shall do and perform, or cause to be done and performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, instruments and documents, as any other party may reasonably request in order to carry out the

5

LA\1661885.1

intent and accomplish the purposes of this Agreement and the consummation of the transactions contemplated hereby.

      i.   The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against any party.

**IN WITNESS WHEREOF,** the Investor and the Company have caused their respective signature page to this Agreement to be duly executed as of the date first written above.

THE INVESTOR:

**KINGS ROAD INVESTMENTS, LTD.**

By: _____
    Name:
    Title:

THE COMPANY:

**EARTH BIOFUELS, INC.**

By: _____
    Name:
    Title:

LA\1661885.1

intent and accomplish the purposes of this Agreement and the consummation of the transactions contemplated hereby.

i. The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against any party.

**IN WITNESS WHEREOF,** the Investor and the Company have caused their respective signature page to this Agreement to be duly executed as of the date first written above.

THE INVESTOR:

**KINGS ROAD INVESTMENTS, LTD.**

By: _____
Name: Erik M. W. Caspersen
Title:   Authorized Signatory

THE COMPANY:

**EARTH BIOFUELS, INC.**

By: _____
Name:
Title:

6

LA\1661885.1

# EXHIBIT A TO Interim Resolution Agreement: Earth Biofuels: Event of Default Obligation as of the Effective Date

**Facts:**

| | | | |
|---|---|---|---|
| Conversion Amount (Note Amount) | | $ 10,000,000 | Section 2(b) of Note |
| Purchase Price | | $ 10,000,000 | Section 1(a)(iii) of the SPA |
| Transaction Date | | 7/24/2006 | Issuance Date on Note |
| Closing Date | | 7/25/2006 | Closing Date in Section 1(a)(ii) of the SPA |
| Today | | 12/1/2006 | |
| Redemption Premium | | 120.0% | Definition section in Note |
| Event of Default Interest | | 15.0% | Defined under Interest in the Section 2 of Note |
| Registration Delay Percentage | | 1.5% | Section 2(f) of the RRA |
| Registration Delay Interest | | 1.5% | Section 2(f) of the RRA |
| Annual Late Charge Rate | | 18.0% | Section 25(b) of the Note |

**Event of Default Redemption Price Calculation:**

| | | | |
|---|---|---|---|
| A | Conversion Amount | $ 10,000,000 | |
| A | Event of Default Interest since EOD | 529,167 | Note: Interest computes on a 30/360 basis |
| A | Less Interest already paid | - | |
| | Sub-Total | 10,529,167 | |
| B | Redemption Premium | 120% | |
| | Event of Default Redemption Price | $ 12,635,000 | |

| | | | |
|---|---|---|---|
| A | Late Charge | | Note: accrues at 18% per annum on amount due from the date due |

**Registration Delay Payments**

| | | | |
|---|---|---|---|
| Filing Deadline | 8/24/2006 | | Note: 30 days after the Closing Date as defined in the SPA |
| Days overdue | 99 | | |
| Initial Filing Failure Payment | 8/24/2006 | $ 150,000 | 1.5% on the day of failure and every 30 thereafter (prorated for partial months) per Section 2(f) of the RRA |
| 1st Month Failure | 9/23/2006 | $ 150,000 | |
| 2nd Month Failure | 10/23/2006 | $ 150,000 | |
| 3rd Month Failure | 11/23/2006 | $ 150,000 | |
| Pro-rated 4th Month Failure | 12/1/2006 | $ 35,000 | |
| 1st Month Interest | | $ 2,250 | Interest at 1.5% per month per Section 2(f) of the RRA |
| 2nd Month Interest | | $ 4,500 | |
| 3rd Month Interest | | $ 6,750 | |
| Pro-rated 4th Month Interest | | $ 1,575 | |
| Registration Delay Payments | | $ 650,075 | |

**Late Charges**

| | | | |
|---|---|---|---|
| EOD Redemption Price Due | 9/6/2006 | | 5 business days after the Event of Default Notice per Section 13 of the Note |
| Today | 12/1/2006 | | |
| Days overdue | 86 | | |
| EOD Redemption Price Late Charge | | $ 535,862 | Calculated per Sections 25(b) and 13 of the Note |

| | | |
|---|---|---|
| Legal Fees | | $ 65,000 |

| | | |
|---|---|---|
| Total Earth Biofuels, Inc. Event of Default Obligation | | $ 13,885,937 |

# EXHIBIT B TO Interim Resolution Agreement: Earth Biofuels Event of Default Obligation as of the Due Date

| Item | Value | | Reference |
|---|---|---|---|
| Conversion Amount (Note Amount) | $ | 10,000,000 | Section 3(b) of Note |
| Purchase Price | $ | 10,000,000 | Section 1(a)(ii) of the SPA |
| Transaction Date | | 7/24/2006 | Issuance Date on Note |
| Closing Date | | 7/25/2006 | Closing Date in Section 1(a)(ii) of the SPA |
| Payment Date | | 3/31/2007 | |
| Redemption Premium | | 120.0% | Definition section in Note |
| Event of Default Interest | | 15.0% | Defined under Interest in the Section 2 of Note |
| Redemption Delay Percentage | | 1.5% | Section 2(f) of the RRA |
| Registration Delay Interest | | 1.5% | Section 2(f) of the RRA |
| Annual Late Charge Rate | | 18.0% | Section 25(b) of the Note |

### Event of Default Redemption Price Calculation:

| | | | |
|---|---|---|---|
| Conversion Amount | $ | 10,000,000 | |
| Event of Default Interest since EOD | $ | 1,029,167 | Note: Interest computes on a 30/360 basis |
| Less: Interest already paid | $ | - | |
| Sub-total | $ | 11,029,167 | |
| Redemption Premium | | 120% | |
| Event of Default Redemption Price | $ | 13,235,000 | |

### Registration Delay Payments:

| | Date | | Amount | Note |
|---|---|---|---|---|
| Days overdue | 8/24/2006 | | 219 | Note: 30 days after the Closing Date as defined in the SPA |
| 1st 6/30 Failure Payment | 8/24/2006 | $ | 150,000 | 1.5% on the day of failure and every 30 thereafter (prorated for partial months) per Section 2(f) of the RRA |
| Month 2 | 9/24/2006 | $ | 150,000 | |
| Month 3 | 10/24/2006 | $ | 150,000 | |
| Month 4 | 11/24/2006 | $ | 150,000 | |
| Month 5 | 12/24/2006 | $ | 150,000 | |
| Month 6 | 1/24/2007 | $ | 150,000 | |
| Month 7 | 2/24/2007 | $ | 150,000 | |
| Partial Month Interest | 3/24/2007 | $ | 150,000 | |
| | 3/31/2007 | $ | 35,000 | |
| 1st Month Interest | | $ | 2,250 | Interest at 1.5% per month per Section 2(f) of the RRA |
| 2nd Month Interest | | $ | 4,500 | |
| 3rd Month Interest | | $ | 6,750 | |
| 4th Month Interest | | $ | 9,000 | |
| 5th Month Interest | | $ | 11,250 | |
| 6th Month Interest | | $ | 13,500 | |
| 7th Month Interest | | $ | 15,750 | |
| Partial Month Interest | | $ | 4,200 | |
| Total Registration Delay Payments | | $ | 1,302,200 | |

| | | | |
|---|---|---|---|
| Redemption Price Due | 9/6/2006 | | | 5 business days after the Event of Default Notice per Section 13 of the Note |
| Payment Date | 3/31/2007 | | | |
| Days Overdue | | | 206 | |
| Redemption Price Late Charge | $ | | 1,344,531 | Calculated per Sections 25(b) and 13 of the Note |

| | | |
|---|---|---|
| Fees | $ | 75,000 |

| | | |
|---|---|---|
| Total Earth Biofuels Inc. Event of Default Obligation | $ | 15,956,731 |

# EXHIBIT A TO Interim Resolution Agreement: Earth Biofuels Event of Default Obligation as of the Effective Date

## Facts:

| | | | |
|---|---|---:|---|
| | Conversion Amount (Note Amount) | $ 10,000,000 | Section 3(b) of Note |
| | Purchase Price | $ 10,000,000 | Section 1(a)(iii) of the SPA |
| | Transaction Date | 7/24/2006 | Issuance Date on Note |
| | Closing Date | 7/25/2006 | Closing Date in Section 1(a)(ii) of the SPA |
| | Today | 12/1/2006 | |
| | Redemption Premium | 120.0% | Definition section in Note |
| | Event of Default Interest | 15.0% | Defined under Interest in the Section 2 of Note |
| | Registration Delay Percentage | 1.5% | Section 2(f) of the RRA |
| | Registration Delay Interest | 1.5% | Section 2(f) of the RRA |
| | Annual Late Charge Rate | 18.0% | Section 25(b) of the Note |

## Event of Default Redemption Price Calculation:

| | | | |
|---|---|---:|---|
| A | Conversion Amount | $ 10,000,000 | |
| A | Event of Default Interest since EOD | 529,167 | Note: interest computes on a 30/360 basis |
| A | less Interest already paid | — | |
| | Sub-Total | $ 10,529,167 | |
| B | Redemption Premium | 120% | |
| | Event of Default Redemption Price | $ 12,635,000 | |

| | | | | |
|---|---|---:|---:|---|
| A | Late Charge | | | Note: accrues at 18% per annum on amount due from the date due |

## Registration Delay Payments

| | | | | |
|---|---|---:|---:|---|
| | Filing Deadline | | 8/24/2006 | Note: 30 days after the Closing Date as defined in the SPA |
| | Days overdue | | 99 | |
| | Initial Filing Failure Payment | 8/24/2006 | $ 150,000 | 1.5% on the day of failure and every 30 thereafter (prorated for partial months) per Section 2(f) of the RRA |
| | 1st Month Failure | 9/23/2006 | $ 150,000 | |
| | 2nd Month Failure | 10/23/2006 | $ 150,000 | |
| | 3rd Month Failure | 11/23/2006 | $ 150,000 | |
| | Pro-rated 4th Month Failure | 12/1/2006 | $ 35,000 | |
| | 1st Month Interest | | $ 2,250 | Interest at 1.5% per month per Section 2(f) of the RRA |
| | 2nd Month Interest | | $ 4,500 | |
| | 3rd Month Interest | | $ 6,750 | |
| | Pro-rated 4th Month Interest | | $ 1,575 | |
| | Registration Delay Payments | | $ 650,075 | |

## Late Charges

| | | | |
|---|---|---:|---|
| | EOD Redemption Price Due | 9/6/2006 | 5 business days after the Event of Default Notice per Section 13 of the Note |
| | Today | 12/1/2006 | |
| | Days overdue | 86 | |
| | EOD Redemption Price Late Charge | $ 535,862 | Calculated per Sections 25(b) and 13 of the Note |

## Legal Fees

| | | |
|---|---:|---|
| | $ 65,000 | |

| | | |
|---|---:|---|
| Total Earth Biofuels, Inc. Event of Default Obligation | $ 13,885,937 | |

# EXHIBIT B TO Interim Resolution Agreement: Earth Biofuels Event of Default Obligation as of the Due Date

**Facts:**

| | | | |
|---|---:|---|---|
| Conversion Amount (Note Amount) | $ | 10,000,000 | Section 3(b) of Note |
| Purchase Price | $ | 10,000,000 | Section 1(a)(iii) of the SPA |
| Transaction Date | | 7/24/2006 | Issuance Date on Note |
| Closing Date | | 7/25/2006 | Closing Date in Section 1(a)(ii) of the SPA |
| Payment Date | | 3/31/2007 | |
| Redemption Premium | | 120.0% | Definition section in Note |
| Event of Default Interest | | 15.0% | Defined under Interest in the Section 2 of Note |
| Redemption Delay Percentage | | 1.5% | Section 2(f) of the RRA |
| Registration Delay Interest | | 1.5% | Section 2(f) of the RRA |
| Annual Late Charge Rate | | 18.0% | Section 25(b) of the Note |

**Event of Default Redemption Price Calculation:**

| | | | |
|---|---|---:|---|
| A | Conversion Amount | $ | 10,000,000 |
| A | Event of Default Interest since EOD | $ | 1,029,167 | Note: interest computes on a 30/360 basis |
| A | Less Interest already paid | | |
| | Sub-Total | $ | 11,029,167 |
| B | Redemption Premium | | 120% |
| | Event of Default Redemption Price | $ | 13,235,000 |

**Registration Delay Payments:**

| | | | |
|---|---|---:|---|
| | Filing Deadline | | 8/24/2006 | Note: 30 days after the Closing Date as defined in the SPA |
| | Days overdue | | 219 | |
| | Initial Filing Failure Payment | | | 1.5% on the day of failure and every 30 thereafter (prorated for partial months) per Section 2(f) of the RRA |
| | Month 1 | 8/24/2006 | $ | 150,000 |
| | Month 2 | 9/24/2006 | $ | 150,000 |
| | Month 3 | 10/24/2006 | $ | 150,000 |
| | Month 4 | 11/24/2006 | $ | 150,000 |
| | Month 5 | 12/24/2006 | $ | 150,000 |
| | Month 6 | 1/24/2007 | $ | 150,000 |
| | Month 7 | 2/24/2007 | $ | 150,000 |
| | Pro-rated Month 8 | 3/24/2007 | $ | 35,000 |
| | 1st Month Interest | 3/31/2007 | $ | 2,250 | Interest at 1.5% per month per Section 2(f) of the RRA |
| | 2nd Month Interest | | $ | 4,500 |
| | 3rd Month Interest | | $ | 6,750 |
| | 4th Month Interest | | $ | 9,000 |
| | 5th Month Interest | | $ | 11,250 |
| | 6th Month Interest | | $ | 13,500 |
| | 7th Month Interest | | $ | 15,750 |
| | Pro-rated 8th Month Interest | | $ | 4,200 |
| | Registration Delay Payments | | $ | 1,302,200 |

**Late Charges:**

| | | | |
|---|---|---:|---|
| | EOD Redemption Price Due | 9/6/2006 | | 5 business days after the Event of Default Notice per Section 13 of the Note |
| | Payment Date | 3/31/2007 | | |
| | Days overdue | 206 | | |
| | EOD Redemption Price Late Charge | $ | 1,344,531 | Calculated per Sections 25(b) and 13 of the Note |

**Legal Fees:**  $  75,000

**Total Earth Biofuels, Inc. Event of Default Obligation**  $  15,956,731